White, J.
The first and principal question argued in this caséis, whether the bar created by section 103 of the act for the settlement of estates, passed March 23, 1840, applies to actions founded on bonds of guardians, and obligations of like character ?
We are of opinion that it does.
Our statute for the settlement of estates was taken, principally, from the statute of Massachusetts on the same subject, and is founded upon a Similar policy.
The section in question is a transcript of one of the sections of the Massachusetts statute, and is as follows:
“ No executor or administrator, after having given notice of his appointment, as provided in the eighty-first section of this act, shall be held to answer to the suit of any creditor of the deceased unless it be commenced within four years from the time of his giving bond as aforesaid, excepting,” etc.
In this section the term creditor is used in a generic sense, and includes all persons having rights in action against the decedent. The section is founded on reasons of public policy; and its object is to promote the early and final settlement of estates, and to enable distribution to be' made of the residuum among those entitled, freed from charges and incumbrances.
Prior to our adoption of this statute it had received a construction in Massachusetts, by which it was held to include this class of liabilities; and this construction has ever since *been adhered to in that state. Hall v. Bumstead, 20 Pick. 2 ; Holden v. Fletcher, 6 Cush. 255 ; Phillips v. Rogers, 12 Met. 412.
*510 It is reasonable to suppose that the legislature, in adopting this provision, did so in view of the construction which had been put upon it, and with the intention that it should receive the same construction here. This construction' being warranted by the language as well as required by the policy of the statute, ought, we think, to be adopted by us. Angell on Lim., sec. 170.
Nor will the fact that the creditor is under the disability of infancy save him from the operation of the bar which the statute interposes.
The general rule in regard to the application of statutes of limitation is, that all persons, whether under disability or not, are barred by them, unless excepted from their operation by a saving clause. General words of a statute are to receive a general construction, and unless there is found in the statute itself some ground for restraining it, it can not be restrained. Angelí on Lim., sec. 194.
The same principle of public policy that requires the statute to embrace all subjects of demand, also requires that it should be held to embrace all classes of creditors. Accordingly it was held in Massachusetts, before the adoption of the statute in this state, that, for the purpose of enforcing the policy of the statute, it was an absolute bar ; and that the fact that the plaintiff had been under the disability of infancy during the time the estate of the deceased was under administration, did not prevent his claim from being barred by the lapse of time prescribed by the statute. Angell on Lim., sec. 194; Hall v. Bumstead, supra. And, in the case last cited, Shaw, O. J., said : “ That no such disability had ever been allowed, as an avoidance of this statute.”
The section of the statute already quoted, was modified by the aot of February 5,1847 (S. & C. Stat. 614; 2 Curw. Stat. 1326), so that on causes of action which accrued after the four years, suits may be brought within one year after the cause of action accrued, and before the estate has been fully administered; and provided that no cause of action ^should be barred by lapse of time until one year after it accrued.
It is assumed by the counsel of both parties, that the petition in this case shows a cause of action. This assumption is at least questionable.
The petition is not founded on an ordinary right of action, either of a legal or equitable nature, existing in favor of a minor. The notion is brought against the administrator of a surety on the offi *511 cial bond of the plaintiff’s guardian; and the question is, whether there has been a breach of the condition of the bond; for, without such breach, there would be no cause of action against the defend - ant.
The bond is in accordance with the statute in force at the time it was given, and is conditioned that the guardian will discharge with fidelity the trust reposed in him, and render an accurate statement of his transactions, with a just account of the profits arising from the real and personal estate of his ward, and for delivering up the same to the court when thereunto required.
The guardianship expired, under the statute governing this ease; on the arrival of the plaintiff at fourteen years of age (Lessee of Perry v. Brainard, 11 Ohio, 442), which, according to the record, was October 8, 1857.
No objection is made to the settlement of the guardian. On the contrary, the action is brought to recover the balance found in his hands by the settlement.
The alleged breach consists in the failure of the administrator of the surety to pay over to the attorney of the plaintiff, who was still in his minority, the money found by the settlement in the hands of the guardian.
The payment of the money to the minor, or his attorney, would certainly not have been in performance of the condition of the bond; and if the making of the payment would not have been in. performance of the condition, it is not easily perceived how the failure to make such payment could constitute a breach of the bond.
True, it is stated that Morrison, the guardian, had removed from the state; but this seems only to be stated as an excuse for not demanding the money of the principal, and not as a *substantive cause of action. It is, perhaps, questionable whether, under the law as it stood at the expiration of this guardianship, the mere removal from the state would have vacated this guardianship, or constituted a breach of the bond. See Pedan v. Robb’s Adm’r, 8 Ohio, 229, and section eight of the act of February 23, 1846, “ to amend the act for the appointment of guardians. 2 Curwen’s Stat. 1238.
In the absence of an order of the court on the subject, the obligation of the guardian’s bond, in respect to paying over the money of the ward, would seem to extend no further than to require the .guardian to pay to the ward on his arriving at age, or, in case of *512 -the termination of the guardianship before that time, to some other appointed guardian. See, on this subject, Western Law Journal, vol. 10, 163-168.
But notwithstanding these views, and supposing the action to-have been brought by the plaintiff after his arriving at 'age, or by another guardian instead of a next friend, the question would still arise, whether the four years’ bar prescribed by the statute in question, would not still apply, on the ground that, although no formal cause of action accrued on the bond within the four years, yet, as it was competent for the plaintiff, during his minority, to have perfected his cause of action, at any time, by having a guardian appointed and a demand made, that his failure to do so would not place his right of action arising on the bond on any higher footing, as respects the limitation in question, than any other right of action existing in his favor.
This was the view taken by the learned judge delivering the opinion in Hall v. Bumstead, which was approved, by Peck, J., in Cochran et al. v. Taylor, 13 Ohio St. 385.
But whether we view this case as presented and argued by counsel, viz., as showing a cause of action which, if not barred, the-plaintiff could enforce by his next friend; or regard the petition as' defective in not showing a breach of the bond; in either case the judgment rendered in the court below in favor of' the defendant must be affirmed.
If the petition shows a cause of action which could be enforced by the plaintiff, during his minority without a guardian, *by his next friend, it must have accrued at the termination of the guardianship in 1857. More than four years would therefore have elapsed after this time, and after notice of the appointment of the defendant as administrator, before the commencement of the suit, and the action would be barred.
If the petition does not show a breach of the bond, the plaintiff must, of course, fail for want of a cause of action.
If the plaintiff, after he became of age, had brought the action in his own name, or if, during his minority, the action had been brought by a duly constituted guardian, and if the petition had shown a breach of the bond, the question would then have arisen whether the four years’ limitation ran against him during his minority; while he had no guardian, and before his cause of action had been perfected by a breach of the bond. The present case- *513 does not call for a decision of this question, and we pass it until its-decision shall be rendered necessary.
The remaining claim made by the counsel of the plaintiff in. error, which we will notice, is founded on the facts set up in the-reply. It is insisted that the rents, and the proceeds of the sale of the real estate, in the hands of the administrator, constitute new' assets within the meaning of section one hundred and four of the act for the settlement of estates, and that the claim of the plaintiff' as to these assets, supposing it to be otherwise barred, is excepted from the operation of the four years’ limitation.
This view is clearly erroneous. Assets are thus defined by Bouvier: “The property in the hands of an heir, executor, administrator, or trustee, which is legally or equitably chargeable with the-obligations which such heir, executor, administrator, or trustee is, as such, required to discharge.” “Assets in hand, is such property as at once come to the executor, or other trustee, for the purpose-of satisfying claims against him- as such.”
By our law, the real estate of the decedent is made assets provisionally in the hands of the administrator, that is, it is made his duty to subject it to the payment of the debts whenever the personalty proves insufficient. It is as available to the administrator-for the payment of debts, when a necessity ^exists. for its application, as the personalty; the only difference between the two kinds of property, in this respect, being as to the order of the-appropriation.
The proceeds of land sold in the ordinary course of administration, and of which the decedent was the acknowledged owner at the time of his death, or of rents received by the administrator from the heirs, for the purpose of paying debts, can not be considered as new assets within the meaning of the section referred to.
If the view insisted upon by the plaintiff’s counsel were to prevail, claims barred by the statute, and for the payment of which no-order for the sale of real estate could be obtained, would be entitled to share in the proceeds of the sales of real estate actually ordered, and which could only be ordered for the payment of claims which were not barred.

Judgment affirmed,.

Day, C. J., and Welch, Brinkerhoee, and Scott, JJ., concurred..